UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EDGAR VERNELL FUTRELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:19 CV 278 CDP |
| THE DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Pro Se plaintiff, Edgar Futrell, brings a 42 U.S.C. § 1983 claim alleging that his dentures were illegally branded while he was an inmate housed at Missouri Eastern Correction Center. In separate motions, defendants, Corizon LLC and Jeffrey Palmore, each move to dismiss for failure to state a claim upon which relief can be granted. The Department of Corrections has not been served; however, I will grant both motions and dismiss this case as to all defendants with prejudice.

From 1997 to 2010, plaintiff was incarcerated at the Missouri Eastern Correctional Center. He alleges that in mid-2001, he agreed to have three teeth extracted in order to receive replacement dentures. According to the complaint, the dentures broke in 2014, and plaintiff discovered that the dentures were branded with his name and Missouri Department of Corrections identification number. He then commenced this lawsuit on December 2018 in state court; Corizon removed

the case to this Court.[1]  Plaintiff alleges that this branding constituted a violation of his First, Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments. Collectively, defendants argue that the statute of limitations has expired and that the complaint lacks a sufficient factual basis to support the alleged constitutional violations.

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). I am not, however, required to accept the legal conclusions the plaintiffs draw from the facts

---

[1] Because the case was removed by defendant and defendant paid the filing fee and then filed the motion to dismiss, this Court did not conduct the frivolity analysis that otherwise would have been done under 28 U.S.C. § 1915(e)(2).

alleged. *Id*. at 555; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Plaintiff has failed to state a claim upon which relief can be granted and dismissal with prejudice is appropriate in this case because the factual allegations in the complaint are not actionable. First, plaintiff has not in fact "been branded" because branding requires a "permanent mark made on human tissue by burning with a hot iron or other instrument." *See* Mo. Rev. Stat. 324.520.1(2). Having removable dentures marked with identification markers is not a brand. Second, Missouri law requires that dentures have marks identifying the wearer. *See* Mo. Rev. Stat. § 332.364. The dentures provided to plaintiff when he was incarcerated contained identification marks, and there is no plausible way to construe this as "branding." Therefore, plaintiff has failed to allege a claim on which relief may be granted.

Moreover, the statute of limitations for plaintiff to allege a claim has lapsed, thereby barring his claim. A § 1983 claim does not contain its own statute of limitations, however, § 1983 claims are governed by a state's statute of limitations governing personal-injury claims. *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (*citing Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985), *superseded on other grounds* by 28 U.S.C. § 1658(a)). Under Missouri law, personal-injury claims must be brought within five years and medical malpractice claims within

two years. *Id. citing* Mo. Rev. Stat § 516.120.4 (governing personal injury actions); *see also* Mo. Rev Stat. § 516.105.1 (governing medical malpractice actions).

Here, plaintiff's claim is time barred because the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually discovered. *H.R.B. v. Rigali*, 18 S.W.3d 440, 443 (Mo. Ct. App. 2000). Plaintiff alleges his injury occurred in 2001, and he filed this lawsuit in 2018, which is well past the time to file a personal injury lawsuit. Further, plaintiff discovered the branded dentures two years past the statute of limitations for medical malpractice claims. *See* Mo. Rev. Stat 516.105.1. Plaintiff's argues that "the continuing violation doctrine" tolls the statute; however, this is not applicable because the doctrine is for ongoing violations in employment discrimination cases, not personal injury actions. *Plengemeier v. Thermadyne Industries, Inc.*, 409 S.W.3d 395, 400 (Mo.App. E.D. 2013). Plaintiff has failed to state a claim upon which relief can be granted and I will grant the motions to dismiss with prejudice.

Accordingly,

**IT IS HEREBYORDERED** that Jeffrey Palmore's motion to dismiss [6] and Corizon LLC's motion to dismiss [18] are granted. This case shall be

dismissed as to all defendants with prejudice for plaintiff's failure to state a claim upon which relief can be granted.

A separate Order of Dismissal is entered this same date.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2019.